IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

JAMES SULLIVAN, on his behalf and )
on behalf of those similarly situated, )
                              )
            Plaintiff, )
                              )
v. )
                              )
DISCOUNT PLUMBING, REESE )
PLUMBING HEATING & AIR )
CONDITIONING, INC. and )
RODNEY D. REESE, )
                              )   Civil Action No.
          Defendants. )   5:04-CV-144-C

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR - 2 2005

CLERK, U.S. DISTRICT COURT
By _____
            Deputy

## ORDER

Before the Court for consideration is Plaintiff's Motion for Court Facilitated Notice to

Potential Plaintiffs, filed September 13, 2004.  The Court also considered Defendants' Response

to Plaintiff's Motion, filed on September 29, 2004.  The Court, having considered Plaintiff's

Motion, Defendants' Response, the appendices of the parties, and the arguments and authorities

supporting the same, is of the opinion the Motion should be **GRANTED,** with the following

change:  the relevant time period shall be modified to cover non-exempt employees employed at

any time between January 31, 2003 and September 13, 2004.

## I. BACKGROUND AND RELEVANT FACTS

Plaintiff brings this action on behalf of himself and others "similarly situated" to recover

unpaid overtime compensation under § 16(b) of the Fair Labor Standards Act ("FLSA"),

29 U.S.C. § 216(b) (1996).  Plaintiff alleges that Defendants violated federal law by refusing to

pay overtime compensation to Plaintiff and other non-exempt employees who worked more than forty (40) hours in one (1) week as is required by FLSA. 29 U.S.C. § 207(a) and 29 C.F.R. § 778.101.

Defendants are a heating, air conditioning, and plumbing service based in Shallowater, Texas. Plaintiff alleges that he worked for Defendants as a plumber from July 1999 until January 2004 and that, as a plumber, he regularly was required to work over forty (40) hours per week but that Defendants usually did not pay overtime wages for this overtime work, in violation of the FLSA. Defendants' employee manual states, "There is no overtime paid in this company unless customer is charged with overtime. All hours worked under normal charge is [sic] paid by normal working hours . . . 45 hr. regular charge is regular pay." *See* Plaintiff's Appendix, Tab A at 20 ("Overtime").

## II. LEGAL STANDARD

Section 16(b) of FLSA provides that a person may maintain an action on "behalf of himself . . . and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). A representative action brought pursuant to this provision follows an "opt-in" rather than an "opt-out" procedure. *See Mooney v. Aramco Serv. Co.,* 54 F.3d 1207, 1212 (5th Cir. 1995). District courts have the discretion to implement the collective action procedure by facilitating notice to potential plaintiffs. *See Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 110 S. Ct. 482, 107 L.Ed.2d 480 (1989). Such a notice should be "timely, accurate, and informative." *Id.* at 172.

2

The Fifth Circuit has not specifically addressed the meaning of "similarly situated" in § 216(b). However in *Mooney*, the Fifth Circuit reviewed two methodologies courts have used in deciding this question with regard to claims under the ADEA, which incorporates § 216(b) of the FLSA. The Fifth Circuit set out the first methodology as a "two-stage class certification." *Mooney*, 54 F.3d at 1213 (citing *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D. N.J. 1987)). Under this methodology, the first determination of whether there are "similarly situated" employees is made at the "notice stage," where "the district court makes a decision–usually based only on the pleadings and any affidavits which have been submitted–whether notice of the action should be given to potential class members." *Id.* at 1213-14. At the notice stage, "courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan infected by discrimination." *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D. N.J. 1988). Because of the minimal available evidence at this stage, "this determination is usually made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Mooney*, 54 F.3d at 1214. "If the district court 'conditionally certifies' the class, potential class members are given notice and the opportunity to 'opt-in.'" *Id.*

The second stage is typically precipitated by a motion for "decertification" by a defendant after discovery is largely complete. *Id.* If the additional claimants are "similarly situated", the district court allows the representative action to proceed. However, if discovery fails to adequately identify a pool of claimants who are "similarly situated," the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. *See id.*

3

The second methodology is typified by *Shushan v. University of Colorado.* 132 F.R.D. 263 (D. Colo. 1990). This approach adopts the view that the "similarly situated" inquiry is coextensive with Rule 23 class certification. Using this methodology, the court looks at numerosity, commonality, typicality, and adequacy of representation to determine whether a class should be certified. *See Mooney*, 54 F.3d at 1214.

The Fifth Circuit in *Mooney* found it unnecessary to decide which of the two methods was appropriate. However, in *LaChapelle v. Owens-Illinois, Inc.*, the Fifth Circuit found a "fundamental, irreconcilable difference between the class action described by Rule 23 and that provided for by FLSA § 16(b)" because Rule 23 provides for "opt-out" class actions and § 16(b) provides for "opt-in" class actions. 513 F.2d 286, 288 (5th Cir. 1975). The Fifth Circuit stated that "it is crystal clear that § 16(b) precludes pure Rule 23 class actions in FLSA actions." *Id.*

In addition, other courts of appeals have indicated that the Rule 23 requirements do not apply to the § 16(b) collective action procedure. *See Theissen v. GE Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001) (finding that the district court did not err in applying the "ad hoc" two-step approach); *Grayson v. Kmart Corp.*, 79 F.3d 1086, 1096 n.12 (11th Cir 1996) ("it is clear that the requirements for pursuing a § 216(b) class action are independent of, and unrelated to, the requirements for class action under [Rule] 23"). The two-step process also has the advantage of informing the original parties and the court of the number and identity of persons desiring to participate in the suit. With that information, analysis may be performed on the viability of the class and its representatives.

This Court therefore determines that the two-stage class certification approach is appropriate in the current action. In determining whether there are other "similarly situated"

4

individuals justifying notice, the Court must determine whether there are other employees "who are 'similarly situated' with respect to job requirements and with regard to their pay provisions." *Dyboch v. Florida Dep't of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991). Notice is appropriate when there is "a demonstrated similarity among the individual situations . . . some factual nexus which binds the named plaintiffs and the potential class members together as victims of a particular alleged [policy or practice]." *Crain v. Helmrich & Payne Int'l Drilling Co.*, 1992 WL 91946, *2 (E.D. La. April 16, 1992) (quoting *Heagney v. European Am. Bank*, 122 F.R.D. 125, 127 (E.D. N.Y. 1988)).

## III. ANALYSIS

Plaintiff contends that because each member of the proposed opt-in class was required to work more than forty (40) hours and was paid on an hourly basis without proper overtime compensation, the overtime claims in this case can readily be adjudicated on a collective action basis. In support of his contention, Plaintiff has presented substantial evidence, in the form of the employee manual, to show that Defendants' company policy was to only pay overtime if the customer was charged overtime. Plaintiff also submits his affidavit, in which he claims that other Discount Plumbing employees were paid "straight time for hours worked in excess of forty (40) hours per week." *See* Plaintiff's Aff., p. 2 ¶ 6. As the Defendants did not dispute any evidence or allegation, the Court is without any discretionary grounds to deny Plaintiff's Motion.

Therefore, the Court is persuaded that Plaintiff has made a minimal preliminary showing that putative class members were the victims of a common policy violating the FLSA. However, because page one (1) of this employee manual indicates an effective date of January 31, 2003,

there is "substantial evidence" that there are other "similarly situated" non-exempt employees only for the time period subsequent to the manual's effective date of January 31, 2003.[1] Therefore, the relevant period shall be modified to reflect non-exempt employees employed at any time between January 31, 2003 and September 13, 2004. The Court thus concludes that authorization of class notice is appropriate in the instant action, for such notice will promote both the Court's interest in judicial economies as well as the broad remedial purposes of the FLSA by affording potential plaintiffs the maximum opportunity to vindicate their statutory rights. *Johnson v. American Airlines, Inc.*, 531 F. Supp. 957, 961 (N.D. Tex. 1982).

## IV. CONCLUSION

In summary, this Court authorizes the sending of notice to potential plaintiffs to facilitate their opting into the present action. It is hereby **ORDERED** that

(1) Defendants will provide Plaintiff within twenty (20) days of the file date of this Order a list of names and last-known addresses of all current and former non-exempt Discount Plumbing employees employed at any time between January 31, 2003 and September 13, 2004;

(2) Plaintiff will submit its proposed form of notice to this Court and to Defendants reflecting the changes as noted herein, within ten (10) days of the file date of this Order; and

---

[1]In Plaintiff's Affidavit, Plaintiff alleges that there are other "similarly situated" employees. However, Plaintiff only attached his pay records but did not include affidavits or pay records for any other employees. The employee manual is the only indication that there are other "similarly situated" employees. In *Haynes v. Singer*, the court held that the plaintiff needed more than unsupported assertions that FLSA violations were widespread to be granted notice to "similarly situated" employees. 696 F.2d 884 (11th Cir. 1983).

6

(3)  Defendants shall have ten (10) days from the file date of this Order to object to

Plaintiff's proposed notice, and Plaintiff shall have five (5) days from that date to respond; and

(4)  the Court, after reviewing the contents of the notice, will issue a further order

authorizing the sending of the notice in the form ultimately approved.  Until such time, no notice

shall issue.

SO ORDERED this 2nd day of March, 2005.

_____

SAM R. CUMMINGS
UNITED STATES DISTRICT JUDGE

7